UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

FAWN RENEE BROWN                                                                        PLAINTIFF

v.                                              No. 2:20-CV-02092

AMERICAN FURNITURE WAREHOUSE CO, et al.                                 DEFENDANTS

## OPINION AND ORDER

Before the Court is Plaintiff's motion (Doc. 12) for leave to amend her complaint. No response was filed and the deadline to respond has passed. The motion will be granted, the proposed amended complaint will be docketed, and this action will be remanded.

Federal Rule of Civil Procedure 15(a)(2) directs the Court to "freely give leave [to amend pleadings] when justice so requires." The proposed amended complaint will add a new Defendant, Charles D. Hughes, because in discovery Defendant Johnson testified that Hughes's negligence contributed to or caused the motor vehicle accident that gives rise to this lawsuit. The proposed amendment implicates the Court's subject matter jurisdiction.

The proposed pleading alleges Hughes is a citizen of Arkansas. Plaintiff is also a citizen of Arkansas. The addition of Hughes as a Defendant will destroy diversity of citizenship, and this Court will then be unable to exercise original jurisdiction under 28 U.S.C. § 1332.[1] "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or may permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). In this case, Rule 15 remains the mechanism for amendment,

---

[1] Plaintiff suggests that the Court exercise supplemental jurisdiction over the Hughes claims under 28 U.S.C. § 1367—or if it cannot do so, that the Court allow amendment and subsequently entertain a motion to dismiss from Plaintiff. Following joinder of a new Defendant, the Court cannot exercise supplemental jurisdiction. *See* 28 U.S.C. § 1367(b). And a motion to dismiss is unnecessary because the Court can resolve the matter on this motion.

1

but a joinder analysis under Rule 19 is also required, and determining whether "justice so requires" the Court to allow amendment under Rule 15 necessitates consideration of "a number of factors to balance the defendant's interest in maintaining the federal forum with the competing interests of not having parallel lawsuits." *Bailey v. Bayer CropScience L.P.*, 563 F.3d 302, 308–09 (8th Cir. 2009).

With respect to the Rule 19 joinder analysis, and accepting as true those allegations in the proposed amended complaint that are consistent with Plaintiff's characterization of Defendant Johnson's deposition testimony, Hughes is a necessary and indispensable party. Arkansas law controls the merits of this case. In an Arkansas personal injury action, liability is several, but not joint, and fault must be allocated. Ark. Code Ann. § 16-55-201. If Hughes is not present, the Court cannot afford complete relief. Plaintiff can only recover from Defendants Johnson and American Furniture Warehouse Co. an amount of damages proportional to their responsibility for her injuries, and based on the proposed amended complaint and Johnson's testimony, that responsibility may be only partial. Furthermore, if Hughes's fault must be determined by a separate jury in a separate proceeding, there is a substantial risk of inconsistent obligations. Finally, if Hughes is not present, a judgment entered in his absence might prejudice both him and the existing parties as a result of any inconsistent obligations or findings of fault and the inefficiencies inherent in multiple trials, and this prejudice cannot practically be lessened by protective provisions in a judgment or any other measures apparent to the Court in this case. A judgment entered in Hughes's absence is unlikely to be adequate because if the allegations in this Court are correct, a jury will almost certainly find Hughes had some responsibility for Plaintiff's injuries. Plaintiff's only adequate remedy if this action were dismissed for nonjoinder is to bring the action in state court—again.

With respect to the Rule 15 amendment analysis, "the Court is required to consider 1) the extent to which the joinder of the nondiverse party is sought to defeat federal jurisdiction, 2) whether the plaintiff has been dilatory in asking for amendment, and 3) whether the plaintiff will be significantly injured if amendment is not allowed." *Bailey*, 563 F.3d at 309 (quoting *Le Duc v. Bujake*, 777 F.Supp. 10, 12 (E.D. Mo. 1991)).  Analyzing these factors in reverse order, the Court first notes that its Rule 19 analysis and the impracticability, inefficiency, and expense of parallel lawsuits suggest significant injury if amendment is not allowed.  The Court next notes that in another case, circumstances such as these might suggest that Plaintiff was dilatory.  She surely knew at the outset of this lawsuit that Hughes was involved in the collision even if she did not know Hughes's identity.  However, the allegations in the original complaint in this case suggest only that Defendants are at fault, and the question of Hughes's fault did not arise until Defendants answered and Defendant Johnson testified that Hughes played a role.  Furthermore, amendment was requested very shortly after Defendant Johnson's deposition was taken, and well within the time set out in the scheduling order to add parties.  The second and third factors weigh in favor of amendment.

The Court's chief concern when considering this motion has been whether the amendment is sought solely to defeat federal jurisdiction.  Ultimately, however, the Court has determined that is not Plaintiff's purpose.  First, Defendants, who originally sought federal jurisdiction, have not opposed the amendment that would defeat that jurisdiction (and it would be difficult for them to do so, given that they also would place some or all of the blame for Plaintiff's injuries on Hughes).  Second, based on Plaintiff's characterization of Defendant Johnson's testimony, the proposed allegations against Hughes appear to have a legitimate basis in fact and law.  Third, Plaintiff has not attempted to hide the fact that amendment might destroy diversity jurisdiction.

Ultimately, although Defendants' lack of response unnecessarily delayed resolution of this motion, it also indicates they have little or no interest in "maintaining the federal forum." *Bailey*, 563 F.3d at 309.  Balanced against this lack of interest, amendment and remand would be justified even if the joinder and amendment factors weighed less heavily in Plaintiff's favor.

IT IS THEREFORE ORDERED that the motion (Doc. 12) is GRANTED.  The Clerk is directed to file the amended complaint included with Plaintiff's motion and REMAND this case to the Circuit Court of Crawford County, Arkansas.

IT IS SO ORDERED this 5th day of October, 2020.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE